IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>   Petitioner,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent.<br>_____ | No. C 05-2004 MMC (PR)<br><br>**ORDER DENYING RECONSIDERATION**<br><br>(Docket No. 10) |

  Petitioner is a federal prisoner proceeding pro se who was convicted and sentenced in the Western District of Texas. After judgment was entered against him in the Western District of Texas, petitioner filed an unsuccessful motion in that court pursuant to 28 U.S.C. § 2255, challenging his sentence and conviction. Thereafter, petitioner filed the instant action, in which petitioner seeks, pursuant to Federal Rule of Civil Procedure 60(b), "relief" from the adverse judgment on his § 2255 motion. The instant action was dismissed because petitioner must file his Rule 60(b) motion in the district court that issued the judgment from which he seeks relief, not in this district.

  Petitioner has filed a motion for reconsideration of the dismissal of the instant action. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. See Twentieth Century - Fox Film Corp. v.

Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Petitioner states that he has "newly discovered evidence" warranting reconsideration. Petitioner's "evidence" consists of a 1999 order in a case brought by petitioner in the Western District of Texas, in which order the district court stated that, because of petitioner's then-pending appeals, that court did not have jurisdiction to entertain any further motions in that case. The 1999 order has no bearing on the propriety of petitioner's seeking reconsideration in this Court of a judgment from the Western District of Texas.

Accordingly, the motion for reconsideration is DENIED.

This order terminates Docket No. 10.

IT IS SO ORDERED.

DATED: November 29, 2005

_____
MAXINE M. CHESNEY
United States District Judge

2